11729

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---x

**ASIA PROJECT SERVICES LTD.**,

Plaintiff,

- against -

**SINOTRANS LIMITED**,

Defendant.

---x

**Case No. 07 CIV 8600**

**VERIFIED COMPLAINT**

RECEIVED OCT 04 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, **ASIA PROJECT SERVICES LTD.**, (hereinafter "**ASIA PROJECT SERVICES**"), by its attorneys, **JUNGE & MELE, LLP**, complaining of the Defendant, **SINOTRANS LIMITED.**, (hereinafter "**SINOTRANS**"), states and alleges the following upon information and belief:

**1.** This is a case of admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) and a maritime claim within the meaning of Rules 9(h) and 38(e) of the Federal Rules of Civil Procedure.

**2.** At all times relevant, Plaintiff, **ASIA PROJECT SERVICES**, was a foreign corporation with a place of business located at c/o ASIA PROJECT CHARTERING PTE. LTD., 70 SHENTON WAY, #14-01 MARINA HOUSE, SINGAPORE 079118, the disponent owner of the vessel ***KLAZINA C.***

3. At all times relevant, Defendant, **SINOTRANS**, was foreign business corporation, with a place of business located at RM 1301. SINOTRANS PLAZA, A43 XIZHIMEN, BEIDAJIE, BEIJING 100044, P.R. CHINA, and is not present within this

District, or any nearby district, pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**4.** At all material times, Plaintiff, as disponent owner, entered into a Booking Note, dated at Singapore on March 14, 2007, with Defendant for the ocean transportation of 1,000 cubic meters of cargo believed to be "71 packages of screwfeeder charge car" from Shanghai, P.R. China, to Rio de Janiero, Brazil, pursuant to freight and detention/demurrage charges as stated therein, a true copy of which are annexed hereto as **Exhibit "1."**

**5.** Thereafter, Plaintiff employed the said vessel in ocean commerce and abided by the terms and conditions of the said Booking Note; however, between March 30, 2007 and April 5, 2007, while said Booking Note was still in effect, without any fault or neglect by Plaintiff contributing thereto, the said vessel was delayed and detained at the load port of Shanghai in excess of the allowed port time to load said cargo, and as a result, Defendant accrued detention charges of US$ 84,996.53, based on the daily detention rate of US$ 17,500, as set forth in said Booking Note.

**6.** Under the terms of Clause 4 of the governing Booking Note between Plaintiff and Defendant, disputes between the parties are to resolved exclusively in the High Court of Justice, London, with English law to apply.

**7.** Plaintiff expects to recover the amount of US$ 84,996.53, in the legal action in London, on the principal claim for detention; in addition, Plaintiff expects to recover accrued interest and defense costs through the end of said litigation, in an amount yet to

be determined; and as such, Plaintiff anticipates a total award amount of $100,000, as best as same can now be estimated.

    **8.** Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this District consisting of cash, funds, freight, hire, or credits including but not limited to electronic fund transfers in the hands of garnishees in this District, including but not limited to the following:

    1.    Bank of China

    2.    HSBC (USA) Bank

    3.    Bank of New York

    4.    Barclay's Bank

    5.    JPMorgan Chase Bank

    6.    Wachovia Bank

    7.    Bank of America, N.A.

    8.    BNP Paribas

    9.    Citibank, N.A.

    10.    Standard Chartered Bank

    11.    UBS, A.G.

    12.    American Express Bank

WHEREFORE, Plaintiff prays for the following relief:

1. That process in due form of law according to the practice of this Court be issued against Defendant and that Defendant be cited to appear and answer the allegations herein;

2. That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by garnishees including but not limited to the aforementioned garnishees in the District which are due and owing or otherwise the property of Defendant up to the amount of $100,000.00, to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in this Verified Complaint.

3. That such property attached pursuant to the Processes of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims as they may be embodied in any award issued out of the High Court of Justice in London.

4. That Plaintiff have such other and further and different relief as may be just and proper, including judgment against Defendant, along with interest, costs and disbursements as allowable under law.

Dated in the City of New York on October 3, 2007

Respectfully submitted,

JUNGE & MELE, LLP
*Attorneys for Plaintiff*

Peter A. Junge (PJ-0745)
29 Broadway
New York, NY 10006
(212) 269-0061

VERIFICATION

PETER A. JUNGE declares as follows:

1. I am a member of the bar of this Honorable Court and of the firm of Junge & Mele, LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not be Plaintiff is that Plaintiff is a foreign corporation, no officers or directors of whom are within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by Plaintiff.

5. I declare under penalty of perjury that the foregoing is true and correct.

Dated in the City of New York on October 3, 2007

Peter A. Junge

# EXHIBIT "1"

MAR-26-2007 13:29 From: P.1

# BOOKING NOTE

Agents (full style and address)

Asia Project Chartering Pte Ltd
70 Shenton Way
#14-01 Marina House
Singapore 079118

Carrier (full style and address)

Asia Project Chartering Pte Ltd
as agents for and on behalf of the Carrier

Place and date

Singapore, 14th March 2007

Vessel

Electra C or sub

Merchant (full style and address)

Sinotrans Limited
Rm 1301, Sinotrans Plaza, A43, Xizhimen
Beidajie, Beijing 100044, P.R.China

Time for shipment

15th March – 10th April 2007

Port of loading

Shanghai

Port of discharge

Rio de Janeiro

| Container No./Seal No. Marks and Numbers (if available) | Number and kind of packages; description of cargo | Gross weight (kg) | Measurement (if available) |
|---|---|---|---|
| | - Cargo: 1000 cbm as per packing list | | |

Freight details and charges

USD 165.00 w/m – basis liner hook/hook
Freight 100% payable upon completion of loading to Owner's nominated bank account and prior releasing of signed original bill of ladings.

Freight (state prepaid or payable at destination)

See freight details

Date of loading, discharge rate

USD 17,500 pdpr

Special terms, if agreed (including Liner Terms or F.I.O.S. Terms for loading/discharging)

- Shipment under/on deck, on deck at merchant's risk and expense
- Any truck unloading/loading, thc, other terminal charges, wharfage, dues, duties and taxes calculated on cargo and/or freight to be for merchant's account at both ends
- Carrier's agents both ends
- 3.75 % com
- Carriers TOPS clause to apply

It is hereby agreed that this Contract shall be performed subject to the terms contained on Page 1 and 2 hereof which shall prevail over any previous arrangements and which shall in turn be superseded (except as to deadfreight and demurrage) by the terms of the Bill of Lading

Signature (Merchant)

TRANS ... PROJECT TRANSPORTATION BRANCH

Signature (Carrier)

ASIA PROJECT CHARTERING PTE LTD

* As defined here[illegible]

** (or so near thereunto as [illegible] safely get and lie always afloat)

MAR-26-2007 11:15 From: P.8

# BILL OF LADING TERMS AND CONDITIONS

1. Definition

"Merchant" [illegible] the Shipper, the Receiver, the Consignor, the Consignee, the holder of this Bill of Lading, the owner of the cargo and any person [illegible] of the cargo.

2. Notification

Any mention in this Bill of Lading of parties to be notified of the arrival of the cargo is solely for the information of the Carrier [illegible]

3. Liability under the Contract

[illegible] the Hague Rules contained in the International Convention for the Unification of Certain Rules relating to Bills of Lading, dated Brussels the 25th August 1924 [illegible]

[illegible] Hague-Visby Rules [illegible] this Bill of Lading.

[illegible]

Additional Clauses

4. Law and Jurisdiction

Any dispute arising under or in connection with this Bill of Lading [illegible] London and English law [illegible]

5. The Scope of Carriage

[illegible]

6. Substitution of Vessel

[illegible]

7. Transhipment

[illegible]

8. Lighterage

[illegible]

9. Liability for Pre- and On-Carriage

[illegible]

10. Loading and Discharging

[illegible]

11. Freight, Charges, Costs, Expenses, Duties, Taxes and Fines

[illegible]

12. Lien

[illegible]

13. General Average and Salvage

[illegible]

14. Both-to-Blame Collision Clause

[illegible]

15. Government directions, War, Epidemics, Ice, Strikes, etc.

[illegible]

[illegible] Defences and Limits of Liability for the Carrier, Servants and Agents

[illegible]

[illegible] Shipper-Packed Containers, Trailers, Transportable Tanks, Flats, Pallets and similar articles

[illegible]

SPECIAL CLAUSES

A. Demurrage

[illegible]

B. U.S. Trade. Period of Responsibility

[illegible]

[illegible] Clause

[illegible]

As Agent for and on behalf of the Carrier

PROJECT CHARTERING (ASIA) PTE LTD